UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at London)

| | | |
|---|---|---|
| CLAUDE HENEGAR, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 6: 22-051-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| KILOLO KIJAKAZI, ACTING | ) | |
| COMMISSIONER OF SOCIAL | ) | **MEMORANDUM ORDER** |
| SECURITY, | ) | |
| | ) | |
| Defendant. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Plaintiff Claude Henegar protectively filed an application for Supplemental Security Income benefits on June 4, 2020.  [Administrative Transcript ("Tr.") 321-37] Administrative Law Judge ("ALJ") Joyce Francis issued a written decision denying Henegar's claims on November 3, 2021.  [Tr. 10-36]  Thereafter, the Appeals Council denied his request for review. [Tr. 1-6]

Henegar filed this action on March 11, 2022, contending that the ALJ's decision was not supported by substantial evidence.  [Record No. 1]  After filing an answer denying the plaintiff's allegations, the Acting Commissioner of Social Security filed an unopposed motion to remand the matter to the Social Security Administration for a rehearing pursuant to sentence four of 42 U.S.C. § 405(g).  [Record Nos. 9, 13]  That motion was granted.  [Record No. 14]

Patrick House, counsel for the plaintiff, has now filed a motion for attorney fees pursuant to the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412.  [Record No. 16] Specifically, House seeks fees of $3,125.00, based on 25 hours of work performed at a rate of

-1-

$125.00 per hour.  [*Id.*]  The defendant does not object to the amount requested.  [Record No. 17]

The EAJA requires payment of fees and expenses to the prevailing party in an action against the United States unless the government's position was substantially justified.  28 U.S.C. § 2412(d)(1)(A).  The EAJA authorizes awarding fees "based upon prevailing market rates for the kind and quality of the services furnished," but specifies that the award "shall not [exceed] $125 per hour unless the court determines that an increase in the cost of living or a special factor . . . justifies a higher fee."  28 U.S.C. § 2412(d)(2)(A).  A party seeking fees under the EAJA must submit an application within 30 days after a final judgment including "(1) a showing that the applicant is a prevailing party; (2) a showing that the applicant is eligible to receive an award . . . and (3) a statement of the amount sought together with an itemized account of time expended and rates charged."  *Scarborough v. Principi*, 541 U.S. 401, 408 (2004) (citing 28 U.S.C. § 2412(d)(1)(B)).  The party seeking fees must also allege that the position of the United States was not substantially justified.  *Id.*

Henegar is a "prevailing party" under the statute because his case was remanded under sentence four of 42 U.S.C. § 405(g).  *See Turner v. Comm'r of Soc. Sec.*, 680 F.3d 721, 723 (6th Cir. 2012) (citing *Shalala v. Schaefer*, 509 U.S. 292, 300 (1993) ("A sentence four remand makes the plaintiff a 'prevailing party' under the EAJA.")).  And he is eligible to receive an award because his net worth did not exceed two million dollars at the time he filed his complaint.  [*See* Record No. 3.]  Additionally, House has provided an itemized account of the time expended on this case, which is reasonable.  [Record No. 16-1, pp. 2-3]  Finally, the plaintiff's motion alleges that the position of the United States was not substantially justified.  [Record No. 16, p. 2]

Because Henegar's motion complies with the EAJA's requirements, the plaintiff will be awarded attorney's fees in the amount of $3,125.00, based on 25 hours worked at a rate of $125.00 per hour.  Henegar's motion includes a request that the award be paid directly to House.  [Record No. 16]  However, an award under the EAJA is payable to the prevailing party, not to the party's attorney.  *See Astrue v. Ratliff*, 560 U.S. 586, 591-93 (2010).

Accordingly, it is hereby

**ORDERED** as follows:

1.      The Motion for Fees under the Equal Access to Justice Act, 28 U.S.C. § 2412 [Record No. 16] is **GRANTED.**

2.      The plaintiff is awarded $3,125.00 in attorney's fees under the Equal Access to Justice Act, 28 U.S.C. § 2412(d).  The award shall be payable to Claude Henegar.

Dated: October 13, 2022.

Danny C. Reeves, Chief Judge
United States District Court
Eastern District of Kentucky